UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROOSEVELT REED,

        Petitioner,

v.

RON HAYNES,

        Respondent.

Case No. C17-1859-RAJ-JPD

ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING EXTENSION OF TIME TO FILE A RESPONSE

This is a federal habeas action filed pursuant to 28 U.S.C. § 2254. This matter comes before the Court at the present time on petitioner's second motion for appointment of counsel and on his motion for an extension of time to file a response to respondent's answer to petitioner's federal habeas petition. The Court, having reviewed petitioner's motions, and the balance of the record, hereby finds and ORDERS as follows:

(1) Petitioner's second motion for appointment of counsel (Dkt. 19) is DENIED. As petitioner was previously advised, there is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required. *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1992); and,

ORDER DENYING SECOND MOTION FOR
APPOINTMENT OF COUNSEL AND
GRANTING EXTENSION OF TIME - 1

Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. However, the Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A.

A review of the materials before the Court at this time, including petitioner's petition and respondent's answer thereto, suggests that an evidentiary hearing will not be necessary to resolve petitioner's claims. In addition, petitioner fails once again to demonstrate that the interests of justice are best served by appointment of counsel. Petitioner asserts that he requires an attorney and an investigator to interview a witness at Harborview Medical Center whom his trial attorney should have called as a witness on petitioner's behalf at trial. Petitioner maintains that the information gleaned from such an interview would help him prove his ineffective assistance of counsel claim(s).

The Court first notes that the two ineffective assistance of counsel claims presented in petitioner's federal habeas petition relate to the manner in which petitioner's trial counsel handled jury instruction issues. It is unclear how a witness interview would assist petitioner in pursuing either of those claims. Moreover, this Court's review of petitioner's federal habeas petition "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). Thus, even if petitioner were able to obtain additional evidentiary support for his federal habeas claims at this point, such evidence would be outside the scope of this Court's review. In sum, petitioner has not persuaded this Court that appointment of counsel is warranted at this time. Counsel will be appointed, as required, should the Court later determine that an evidentiary hearing is necessary.

ORDER DENYING SECOND MOTION FOR
APPOINTMENT OF COUNSEL AND
GRANTING EXTENSION OF TIME - 2

(2) Petitioner's unopposed motion for a 60-day extension of time to file a response to respondent's answer (Dkt. 18) is GRANTED. Petitioner's response was originally due not later than March 12, 2018. Petitioner is granted an extension of time until *May 14, 2018* to file any response to respondent's answer. Respondent's answer (Dkt. 15) is RE-NOTED on the Court's calendar for consideration on *May 18, 2018*.

(3) The Clerk shall direct copies of this Order to petitioner, to counsel for respondent, and to the Honorable Richard A. Jones.

DATED this 22nd day of March, 2018.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING SECOND MOTION FOR
APPOINTMENT OF COUNSEL AND
GRANTING EXTENSION OF TIME - 3